UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

POSITANO PLACE AT NAPLES I      CASE NO.: 2:21-cv-00178-SPC-MRM
CONDOMINIUM ASSOCIATION, INC.,
a Florida not-for-profit Corporation

          Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

          Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE HONORABLE MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL APPRAISAL

      Defendant, Empire Indemnity Insurance Company, objects to specific findings of fact and legal conclusions made by the Honorable Magistrate Judge in its Report and Recommendation [DE 50] granting Plaintiff, Positano Place At Naples I Condo. Ass'n, Inc.'s, Motion to Compel Appraisal and for Stay [DE 41], stating as follows:

**I.    Summary**

      Several of the legal and factual findings in the Honorable Magistrate's Order recommending appraisal are erroneous and unsupported by fact or law. First, compelling appraisal constitutes affirmative injunctive relief in the form of specific performance, which must be sufficiently pleaded and proven before this Court may procedurally exercise its power to award it. Federal procedure creates no exception for insurance claims. Thus, it was erroneous to rule that Positano may obtain such relief without sufficiently pleading or showing entitlement to it.

Second, it was wrong to order the appraisal of buildings that Empire wholly denied to have any covered damage. The buildings are separately scheduled, insured, and covered. They must be individually considered for appraisal. Thus, it was erroneous to order the indiscriminate appraisal of all buildings, including those buildings with no damage and, therefore, not covered.

Third, it was incorrect to compel Empire to take action, such as engaging in appraisal, without any of the requested guidelines or boundaries to ensure a minimally fair process. Judicial enforcement amounts to a government invasion of Empire's constitutionally protected interests. Unlike arbitrations or court litigation, there are no existing standards of any kind to ensure that the outcome is not arbitrary. Thus, it was erroneous to deny the guidelines requested by Empire for the conduct of appraisal.

Lastly, appraisal should not be compelled absent a trial or summary judgment procedure. There has been no adjudication that Empire, in fact, breached the appraisal provision. Every remedy presupposes a wrong. And a wrong not yet adjudicated cannot justify a remedy. A stay is also improper given Empire's right to conduct discovery about its defenses. Thus, it was erroneous to rule that Positano may compel appraisal without the adjudication of any count or element of any count, including its allegations that Empire breached the appraisal provision and Empire's defenses.

## II. Argument

### A. This Court Must Review *De Novo* the Report and Recommendation

This Court "is obligated to make a *de novo* review of . . . those factual findings and legal conclusions that are the subject of objections" to a report and

recommendation "compelling appraisal." *Calzadilla v. Scottsdale Ins. Co.*, 2019 WL 2245518, at \*5 (S.D. Fla. April 10, 2019). Such an order represents a ruling on a "matter dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1). *See also* U.S.C. 636(b)(1)(C). This has been the overwhelming practice of this Circuit. *See J.P.F.D. Investment Corporation v. United Specialty Ins. Co.*, 769 Fed.App'x 698, 703 (11th Cir. 2019) (reviewing district court's order on insurer's objections to magistrate's order on appraisal and stating that Fed. R. Civ. P. 72(b) applied to preserve de novo review); *Metropolitan Casualty Ins. Co. v. SFR Services L.L.C.*, 2020 WL 4207375, at \*1 (M.D. Fla. July 22, 2020) (adopting magistrate's order on appraisal only after "legal conclusions are reviewed de novo").

Here, the order grants the very relief requested by Positano in its specific performance count [DE 39 at §§ 25-44]. This Court should not part company with the well-established practice of conducting *de novo* review of such appraisal orders.[1]

*De novo* remains the only proper review *despite* any authority to the contrary. Recently, a member of this Court ruled that an order compelling appraisal was to be afforded only "clearly erroneous" and "contrary to law" review—under Fed. R. Civ. P. 72(a), rather than 72(b)—because such an order involves a "non-dispositive" matter. *The Breakwater Commons Ass'n, Inc. v. Empire Indemnity Ins. Co.*, No. 2:20-cv-00031-JLB-NPM (M.D. Fla. Feb. 1, 2022) (DE 76). Not only is the order not binding, but,

---

[1] The Eleventh Circuit routinely scrutinizes "whether [a] district court conducted the proper de novo review of [a] magistrate's report." *Jeffrey S. by Ernest S. v. State Bd. Of Educ. Of State of Ga.*, 896 F.2d 507, 511 (11th Cir. 1990).

respectfully, neither is it persuasive. It relies on distinguishable cases and runs afoul of the overwhelming consensus in this Circuit. It primarily relied on two Florida state cases that stand for the proposition that, indeed, appraisal does not determine an insurer's liability. *Id.* at 4. But these cases did not—and could not—address the issue of whether Fed. R. Civ. P. 72(a) rather than 72(b) applies to a magistrate's order on appraisal. *See Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc.*, 117 So. 3d 1226, 1227 n.1 (Fla. 3d DCA 2013); *State Farm and Cas. Co.v. Licea*, 685 So. 2d 1285, 1287 (Fla. 1996).[2]

Additionally, the Court in *Breakwater* relied on two highly distinguishable federal cases: one from Colorado and another from the First Circuit. *The Breakwater Commons Ass'n, Inc.*, No. 2:20-cv-00031-JLB-NPM at 4. The First Circuit case addressed an order compelling arbitration, not appraisal. *Id.* (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010)). And the Colorado case involved parties who "agreed" that the magistrate's order should be regarded as non-dispositive and reviewed for clear error. *Id.* (citing *PB Property Holdings, LLC v. Auto-Owners Ins. Co.*, 2017 WL 7726696, at *1 (D. Colo. Jan. 26, 2017)). Yet, this Court has correctly refused to apply the "clearly erroneous" standard of Rule 72(a) to a magistrate's report and recommendation on a stay—performing instead *de novo* review under Rule 72(b)—simply because the parties "agree" or stipulate to such review. *Shands Jacksonville Med.*

---

[2] The word "dispositive" is not even present in either *Mango Hill* or *Licea*. Instead, these courts merely clarified that an appraisal's calculation of the amount of loss does not foreclose the judicial determination of whether and to what extent such an amount is also owed.

4

*Ctr., Inc. v. Nat'l Union Fire Ins. Co.*, 2015 WL 5714870, at *3 (M.D. Fla. Sept. 22, 2015) (adding that applying clear error review also "conflate[s] a report and recommendation with an order" in the context of Rule 72). *Cf. also Rodriguez v. Powell*, 853 Fed.App'x 613, 618 (11th Cir. 2021) (explaining that magistrates issue orders on non-dispositive matters such as discovery, while they issue reports and recommendations on dispositive matters, which are then subject to specific objections reviewable *de novo*).

The district judge's efforts in *PB Property* to justify its conclusion that appraisal is a non-dispositive matter for purposes of Rule 72 are unpersuasive. Like the Court in *Breakwater*, *PB Property* reasoned that, since appraisal did not determine entitlement to the calculated loss, it was not dispositive. *Id.* But whether appraisal is dispositive of an insurer's liability is a very different question than whether compelling it is dispositive of a claim or defense *for purposes of Rule 72*. Thus, another member of this very Court, even while deeming a motion to compel appraisal not to be dispositive, still reviewed the magistrate's order granting it *de novo. Waterford Condominium Ass'n of Collier County, Inc. v. Empire Indemnity Ins. Co.*, 2019 WL 3852731, at *1-*2 (M.D. Fla. Aug. 16, 2019). The Court's determination in *Breakwater* simply cuts against the grain of a universal consensus in this Circuit and this Court.[3]

---

[3] *See, e.g., Castillo at Tiburon Condominium Ass'n, Inc. v. Empire Indemnity Ins. Co.*, 2021 WL 4438370, at *2 (M.D. Fla. Sept. 28, 2021) (conducting "de novo review" of magistrate's order on appraisal); *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, 2019 WL 700114, at *1 (M.D. Fla. Feb. 20, 2019) (same); *Waterford Condominium Ass'n of Collier County, Inc. v. Empire Indemnity Ins. Co.*, 2019 WL 3852731, at *1 (M.D. Fla. Aug. 16, 2019) (same); *Michelle Condominium, Inc. v. Certain Underwriters at Lloyd's, London*, 2021 WL 4244899, at *1 (S.D. Fla. Sept. 17, 2021) (same); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, 2020 WL 1674326, at *1 (M.D. Fla. Jan. 9, 2020) (same).

Empire's objections, if analyzed *de novo*, may likely convince the Court that the Magistrate's Order is incorrect on one or all of the disputed legal and factual issues.[4] Alternatively, should this Court deem the Order to involve a non-dispositive matter and review it only for clear error, Empire is confident that it can show that the Honorable Magistrate's conclusions of law and critical findings of fact fail to meet even this deferential standard.

## B. Compelling Appraisal Constitutes Injunctive Relief that Must be Sufficiently Pleaded and Proven

The Honorable Magistrate erroneously concluded that appraisal does not constitute injunctive relief that must be pleaded and proven like any other remedy under federal law. "In [a] diversity case," federal courts "apply federal procedural law and state substantive law." *J.P.F.D. Investment Corporation*, 769 Fed.App'x at 702 n.3. The Order wrongly applied Florida law to a federal procedural issue.

The disputed question is whether this Court has the power, procedural or otherwise, to compel or force a party to appraisal outside of specific performance, or if, as concluded by the Honorable Magistrate, it has such power to compel merely

---

[4] Magistrates expect that district judges may disagree with their recommendations. *See, e.g., Martinelli et al. v. Petland, Ind.*, 2010 WL 4627893, at *1 (D. Kansas Nov. 3, 2020) (magistrate recognizing in its ruling that "it is possible the district judge would disagree"). The critical difference between *de novo* and clear error review is that, under the first, the district judge is free to reach a different conclusion on the same question confronted by the magistrate. *HLFIP Holding, Inc. v. Rutherford County, Tennessee*, 2021 WL 6498858, at *10 (M.D. Tenn. Nov. 15, 2021) ("It is possible that the Court would have decided the issue differently, were it deciding it in the first instance."). Any opposition by Positano to *de novo* review of an appraisal order in this Circuit, where it is universally afforded, suggests that it knows that the magistrate's report could only survive if clear error review, the incorrect standard, is employed instead. *Cf. Nature's Products, Inc. v. Natrol, Inc. et al.*, 2014 WL 11889447, at *1 n.1 (S.D. Fla. July 30, 2014) ("Natrol . . . suggests that a party's reliance on the incorrect standard of review is a 'tacit admission' that the party cannot meet its burden under the appropriate standard of review. Here, Natrol has applied the incorrect standard of review.").

because Florida state courts routinely do so despite their admission that no enabling statute exists. Federal law controls the answer to this procedural question.

The Honorable Magistrate offered two reasons why he disagreed with Empire [DE 50 at 12]. First, he reasoned that, if specific performance were required, Positano sufficiently asserted such a claim. [DE 50 at 12]. In so concluding, the Magistrate relied on his prior Order [DE 24 at 3-5], as well as on *People's Tr. Ins. Co. v. Vidal*, 305 So. 3d 710, 715 (Fla. 3d DCA 2020) [DE 50 at 12-13]. The Honorable Magistrate did previously rule that "[t]he relief Positano Place seeks is specific performance" [DE 24 at 6]. So, in light of that definitive statement that compelling appraisal constitutes "specific performance," it is unclear why the Honorable Magistrate characterizes his reasoning as in the alternative,[5] or why he concludes that, despite the nature of the relief, Positano is nevertheless "not required" to plead and prove specific performance [DE 50 at 13]. Empire agrees with the Honorable Magistrate's statement that the relief sought is specific performance, despite his subsequent abandonment of such characterization elsewhere in his report.

Neither the prior order [DE 24] nor *Vidal* are authorities that support the reasoning that compelling appraisal is not specific performance or injunctive relief. In its response opposing  appraisal, Empire argued that Positano failed to plead the required elements of specific performance, citing to *Parkway Baptist Church, Inc. v.*

---

[5] Nor does the alternative argument hold: Empire argues that an evidentiary showing must also be made and pleading is not enough. Clearly, compelling appraisal amounts to the "compelling the other party to the contract to do what he or she has agreed to do—perform the contract," the very definition of specific performance. 71 Am. Jur. 2d Specific Performance § 1 (2022 update).

*Guideone Elite Ins. Co.*, 2011 WL 13099891 (S.D. Fla. Sept. 21, 2011) (dismissing claim for specific performance of appraisal for failure to allege no adequate remedy at law). The Honorable Magistrate does not address this case. And *Vidal* did not pass on this question, merely holding that a party did not waive appraisal simply by raising a counterclaim that sought to void the policy. 305 So. 3d at 715.

Second, the Honorable Magistrate's broad conclusion is unsupported by controlling or persuasive authorities. Despite recognizing that Positano seeks specific performance, the Honorable Magistrate reasons that, because the Complaint alleges breach of contract and declaratory judgment, therefore, "appraisal can be compelled" [DE 50 at 14]. In support, he cites *Castillo*, 2020 WL 7587181 at *1-2, and *Creekside Crossing Condo. Ass'n v. Empire Indem. Ins.*, 2020 WL 5973177, at *2-4 (M.D. Fla. Sept. 2, 2020) [DE 50 at 13-14]. Neither case applies here. *Castillo* ruled only that a breach of contract count must not be dismissed, if its elements are sufficiently alleged, for failure to plead what the other party construes as injunctive relief. 2020 WL 7587181, at *1. And *Creekside* actually agreed with Empire's arguments, concluding that the only properly pleaded issue in the action was whether Empire breached the policy by failing to go to appraisal, and that the motion to compel appraisal amounted to a summary judgment motion on this question. 2020 WL 5973177, at *4.

Additionally, the Honorable Magistrate reasons that, although Empire is correct that Florida law *allows* Positano to compel appraisal through specific performance, it does not *require* it to do so, permitting the same relief through a mere motion [DE 50 at 14]. But again, federal law governs this procedural question. It is

8

arbitrary to allow a party to obtain the *same relief* by meeting the lighter of two burdens, either of which that party is allowed to choose. And it is even more unreasonable to allow such a party, like Positano here does, having chosen to plead the higher burden, to then turn around and choose the lighter one. None of the cases cited by the Honorable Magistrate stand for either proposition. If a party *can* compel appraisal as specific performance relief, then it *must* do so. The nature of the relief sought determines or triggers the procedural mechanism that procures it, not the other way around. What Positano seeks—and the Honorable Magistrate proposes—has no equivalent in any other federal procedural context or analogous area of law.

Lastly, the Order incorrectly concludes that *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762 (Fla. 2002), did not overturn Florida's "prior policy" of compelling appraisals by analogizing them to arbitrations traveling under its Arbitration Code [DE 50 at 14-16]. The Honorable Magistrate ably notes that neither *Suarez* nor its progeny have, in fact, considered Suarez' "effect on the Court's authority to compel appraisal pursuant to [the Florida Arbitration Code]" [DE 50 at 16]. But it is Empire's position that, although this inquiry should have no effect on the issue—one of federal procedure, if presented with the question, the Florida's Supreme Court and its District Courts of Appeal would hold that, based on *Suarez*, a party may not compel appraisal by relying on the Florida Arbitration Code's conferral of power to courts to compel arbitrations. And again, the issue is not whether Florida would compel a process that is not arbitration. Rather, it is whether a federal court, under federal law, can compel a

process that is not governed by the Federal Arbitration Act.[6]

"Where, as here, the Florida Supreme Court has not ruled on a question of Florida law . . . this Court *must predict how the Florida Supreme Court would resolve* [it]." *Newhouse v. Florida Aid to Animals Spay/Neuter Medical Facility, Inc.*, 2013 WL 6096328, at *1 (M.D. Fla. Nov. 20, 2013). Vitally, "rather than blindly applying [intermediate appellate court precedent], this Court must predict how the Florida Supreme Court will rule *by considering all available information*." *Fong Kai Business Group Co., Ltd v. Shade Saver, Inc.*, 2019 WL 12304385, at *5 (M.D. Fla. April 9, 2019) (emphasis added). Here, there is enough "data" to "indicate how the Florida Supreme Court might rule on [the] issue." *Pendergast v. Sprint Nextel Corp.,* 592 F.3d 1119, 1133 (11th Cir.2010).

As illustrated by four critical cases, Florida appellate courts have increasingly held that parties cannot rely on the state's Arbitration Code's procedural provisions to seek judicial enforcement of appraisal provisions. For example, in *Suarez*, the Florida Supreme Court held that a party could not rely on the Arbitration Code's provisions prescribing specific procedures for arbitrators to judicially compel appraisers to conduct their proceedings in similar fashion. 833 So. 2d at 766. It deemed appraisal a proceeding "not . . . pursuant to section 682.06," *id.* at 765, rejecting the insurer's position "that the policy's appraisal clause required the parties to arbitrate the matter, pursuant to the Florida Arbitration Code." *Id.* at 764. Thus, although the narrow

---

[6] The Honorable Magistrate's conclusion, objected to below, on due process buttresses Empire's point here. Either a proceeding constitutes an arbitration or not. If compelling appraisal triggers no due process concerns, then it cannot be achieved under a Code crafted to ensure minimal due process in extra-judicial proceedings like arbitration.

holding was that the trial court had correctly declined to compel appraisal proceedings *in conformity with* the Florida's Arbitration Code's prescriptions for arbitrations, the broader holding was that this was so because appraisals are not arbitrations and, therefore, the Code does not authorize anything pertaining to them.

In *Citizens Property Ins. Corp. v. Cuban-Hebrew Congregation of Miami, Inc.*, the court held that, in *Suarez*, "[t]he Supreme Court has held that the Florida Arbitration Code is not applicable to appraisal cases." 5 So. 3d 709, 712 (Fla. 3d DCA 2009). The court reversed the trial court's ruling that the insurer had waived its right to subtract policy deductibles and prior payments from the appraisal award's total amount due by failing to seek to modify the award under the Arbitration Code, as one does an arbitral award. *Id.* at 711. Notably, the court observed how the trial court looked at the Code "for guidance" "as providing a useful analogy," despite recognizing that it did not actually apply. *Id.* at 711-712. However, it held that "the analogy was misplaced." *Id.* at 712.

In *Citizens Prop. Ins. Corp. v. Mango Hill#6 Condo. Ass'n, Inc.*, the court held that "the trial court erred in applying the Florida Arbitration Code to 'confirm' the appraisal award," since "[t]he Florida Arbitration Code is not applicable to appraisal awards." 117 So. 3d at 1227, 1230 (Fla. 3d DCA 2013). Instead, "[p]roper procedure" required a breach of contract action and a motion for summary judgment, not one traveling under the Code. *Id.* at 1230.

In *State Farm Florida Ins. Co. v. Gonzalez*, the court held that the trial court erred in "confirming" an appraisal award under the Arbitration Code. 76 So. 3d 34, 38 (Fla.

11

3d DCA 2011). It highlighted the insured's acknowledgment that "there is no statute authorizing a petition to confirm an appraisal award," rejecting the argument that "pursuant to the Arbitration Code" such an award could be confirmed as if an arbitral one. *Id.* at 37. It also noted the trial court's failure to "articulate its reason" for granting such a petition, underscoring that it was error for the court to have rejected the insurer's argument that no such procedural mechanism in the Code applied to appraisal awards. *Id.* Instead, a properly breached breach of contract action was required. *Id.*

These cases confirm what makes logical sense –that the Arbitration Code does not empower Florida courts to do *anything* pertaining to appraisals. No court may, relying on provisions from the Code, allow a party to *petition* for confirmation, actually *confirm* the award, *modify* it or *vacate* it, or compel the appraisers to follow *arbitration procedures*. Necessarily, then, neither can a court compel the appraisal to take place under the Code. This means that Florida courts may now only do on the basis of sources of authority *other* than the Code. And the only source of power in Florida's trial courts from which to consider any power to compel appraisals is their common law power to fashion equitable and injunctive remedies, such as specific performance. So would the Florida Supreme Court or its intermediate courts rule.[7] And so has the Eleventh Circuit potentially suggested even *before* the *Suarez* ruling. *Columbia Cas. Co. v. Southern Flapjacks, Inc.*, 868 F.2d 1217, 1223 (11th Cir. 1989) (holding that "[t]he Florida Arbitration Code applies only to arbitration agreements, not to appraisals,"

---

[7] Contrary to the Honorable Magistrate's suggestion, Empire's arguments do not primarily rely on *Romay* or *Schweitzer*, cited only for illustrative purposes and as additional support [DE 53 at 15-16].

and "*the statutory arbitration rules do not apply*") (emphasis added).

The Honorable Magistrate's reliance on *Three Palms Pointe, Inc.* only reinforces Empire's position [DE 50 at 16-17 (citing *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F.Supp.2d 1357 (M.D. Fla. 2003)]. There, this ruled that Florida's Arbitration Code authorized it to "confirm" an appraisal award, and that the insurer was not entitled to contest, subsequent to appraisal, coverage for some of the items included in the award. Not only did *Mango Hill* later openly reject such "confirmations," but, notably, in *Liberty American Ins. Co. v. Kennedy*, then Judge—now Florida Supreme Court Chief Justice Canady—expressly disapproved of *Three Palms Pointe*, holding that insurers may dispute coverage for some elements of appraisal awards. 890 So. 2d 539, 541 (Fla. 2d DCA 2005). Yet another development forecasting the direction in which Florida Supreme Court would head in deciding this question.

The remaining cases cited by the Honorable Magistrate do not address the question in this case [DE 50 at 13-16]. Instead, the Florida authorities cited stand for broad, unelaborated statements that appraisals "are . . . similar[] to arbitration clauses," and "enforcement of appraisal . . . [is] preferred over lawsuits" [DE 50 at 13]. Yet, "dicta . . . may be followed if sufficiently persuasive but . . . are not controlling." *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 627 (1935). "The reason of this maxim is obvious," since "[t]he question actually before the Court is investigated with care, and considered in its full extent," while "[o]ther principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated." *Cohens v. State of Virginia*, 19 U.S. 264,

399 (1821). "[D]icta" that "lack[s] of analysis on [an] issue . . . is unpersuasive." *Hale v. Johnson*, 845 F.3d 224, 228 n.1 (6th Cir. 2016). Even a court's direct ruling "without analysis . . . is not persuasive." *Calzadilla*, 2019 WL 2245518, at *4.

Except for vague references to the "analogous" nature of appraisals and arbitrations, no precedent cited in the Order stands for the proposition that Florida courts may rely on the Code to compel appraisals, or more importantly, that this Court may exercise a power under the Code delegated by the Florida Legislature to its Judiciary in this context. Florida's Arbitration Code cannot authorize *this* Court, of limited jurisdiction, to utilize any specific procedural mechanism to grant substantive relief. As illustrated by *Cuban-Hebrew*, analogy is a tool of reasoning, not a source of power or jurisdiction. The absence of an enabling statute for Florida courts to compel appraisals, or that of a federal counterpart allowing this Court to do the same, is a gap that cannot be bridged by analogy. That appraisal is often compelled upon mere motion, like many a procedure in different contexts, "makes no sense except as a consequence of historical practice." *Weiss v. U.S.*, 510 U.S. 163, 198 (1994) (Scalia, J., concurring).

Precisely because no Florida or Eleventh Circuit appellate opinion has passed on the issue, and the question concerns federal procedure, Empire has looked to other federal circuits for guidance. Appraisals are not "arbitrations" for purposes of the Federal Arbitration Act. *Salt Lake Tribune Publ'g Co., LLC v. Management Planning, Inc.,* 390 F.3d 684 (10th Cir. 2004). Other federal district courts have adopted the position now advanced by Empire: a court sitting in diversity may not compel

appraisal as if it was compelling matters like discovery, short of granting specific performance relief. *See Mapleton Processing, Inc. v. Society Ins. Co.*, No. C12-4083-LTS, 2013 WL 3467190, at *24 (N.D. Iowa July 10, 2013) ("While arguing that the Policy creates a right of appraisal, [the insured] does not address the question of why I should, or even could, compel appraisal in the middle of a pending lawsuit that does not involve a request for such relief."); *Vista Pointe Townhome Ass'n Inc. v. Auto-Owners Ins. Co.*, 2018 WL 1773407, at *6 n.5 (D. Col. April 13, 2018) ("The Court notes that, to the extent it would grant specific performance of the Appraisal clause . . . it would seem that a request for appointment of an umpire would have to be made to a court of general jurisdiction—*e.g.* a state court."); *Battles, Inc. v. Nationwide General Ins. Co.*, No. 3:19-cv-13-DML-DCP, 2020 WL 6365513, at *4-*5 (E.D. Tenn. March 10, 2020) (denying appraisal while sitting in diversity and explaining that, although "Plaintiff cites several cases, arguing that motions to compel the appraisal process are regularly considered by courts . . . [t]hese cases, however, do not discuss the proper procedure to bring such motions").

The Honorable Magistrate himself acknowledges the "persuasive value" of these and similar cases [DE 50 at 12]. However, he observes that, if successful, Empire's arguments will cause "sweeping changes" to current Florida law [DE 50 at 12]. Respectfully, the concern is unfounded. If Empire's argument regarding federal procedure in this context is correct, it should prevail. That a different outcome might occur in Florida state cases with their courts of general jurisdiction is of no

consequence under *Erie*.[8] Moreover, this Court's ruling in favor of Empire will not cause any changes, let alone "sweeping" ones, confined as it will be to this case.

### C. Appraisal Is Improper for Undamaged Buildings For Which No Coverage Was Extended.

The Honorable Magistrate's conclusion that appraisal is appropriate for all buildings is equally erroneous [DE 50 at 20].

Appraisal is improper—and judicial adjudication is required instead—for the buildings that Empire wholly denied coverage as undamaged. The Order misconstrues Florida's requirement that an insurer wholly deny coverage before the amount of loss can become a judicial—instead of an appraisal—matter [DE 50 at 21]. The Honorable Magistrate concluded that, here, Empire did not wholly deny coverage for the "claim" because Empire does not dispute that coverage exists for at least three of the buildings [DE 50 at 21]. According to the Order, unless Empire denies coverage for *all* the buildings, it has failed to "wholly deny" coverage for the *single* multi-building claim, and cannot avoid appraisal of all buildings, citing *Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, 315 So. 3d 45, 49 (Fla. 4th DCA 2021).

This exact issue was presented in *Pernas v. Scottsdale Ins. Co.*, where the Southern District Court agreed with the insurer's opposition to appraisal on the grounds that "even though they are insured under the same policy, each property is its own entity, subject to potentially unique coverage issues," such that "because [the insurer] completely denied coverage for the losses to the 211 building, appraisal of those losses

---

[8] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

is not available." 2016 WL 471949, at *3 (S.D. Fla. Feb. 8, 2016). That is, "this is a dispute over coverage, not the amount of loss." *Id.* The court reasoned that, because "the 221 and 211 buildings are listed on separate declarations pages, each subject to a different premium and coverage amount," "the two properties are effectively covered by separate insurance contracts, meaning that the amount recoverable for a loss affecting one property must be determined independently of any loss affecting the other" and "[a]n independent coverage determination for each property is thus required. *Id.* (citing *Florida Ins. Guar. Ass'n v. B.T. of Sunrise Condo. Ass'n, Inc.*, 46 So. 3d 1039, 1042 (Fla. 4th DCA 2010)).

*Merrick*, relied on by the Honorable Magistrate, is not applicable because, as the briefs in that case show, the insurer agreed that there was some damage, albeit under the deductible, to the pertinent building. *Reply Brief*, 2020 WL 8611204, at 2 (Fla. 4th DCA Nov. 6, 2020). Here, Empire's position has always been, as observed by the Honorable Magistrate, that coverage was denied for three of the four buildings because they did not suffer any hurricane damage whatsoever, a coverage—not an amount of loss—dispute that was not addressed by *Merrick.*

Additionally, *Merrick* relies on distinguishable precedent in support of its reasoning. 315 So. 3d at 50 (citing to *Kendall Lakes Townhomes Developers, Inc. v. Agricultural Excess & Surplus Lines Insurance Co.*, 916 So. 2d 12 (Fla. 3d DCA 2005), *Underwriters at Lloyd's, London v. Sorgenfrei*, 278 So. 3d 930 (Fla. 5th DCA 2019), and *People's Trust Ins. Co. v. Tracey*, 251 So. 3d 931 (Fla. 4th DCA 2018)). *Tracey* and

*Sorgenfrei* are homeowner cases involving *one* building. *See Tracey*, 278 So. 3d at 932; *Sorgenfrei*, 278 So. 3d at 930. And unlike here, in *Kendall Lakes*, the Court expressly noted that "[i]n the case at hand, the insurance carrier agrees that there is a covered loss, but disagrees as to the amount of loss." 916 So. 2d at 16. Empire does *not* so agree.

And contrary to the Honorable Magistrate's conclusion, *Pernas* is on point, not distinguishable. The Honorable Magistrate reasons that, since *Pernas* involved an insurer's assertion of unsatisfied post-loss duties, and, here, Empire "has not alleged" any such violations, *Pernas* does not control. Neither conclusion is correct. Empire *did* raise as defenses that Positano violated its post-loss duties to give prompt notice of the loss and cooperate with Empire's investigation [DE 40 at 11-12]. And *Pernas'* rationale on this question did not hinge on post-loss duty violations.

*Pernas* concluded that "the two properties are effectively covered by separate insurance contracts, meaning that the amount recoverable for a loss affecting one property must be determined independently of any loss affecting the other," and "[a]n independent coverage determination for each property is thus required." 2016 WL 471949, at *3. It agreed with the insurer's argument that building 221, undamaged, should not be appraised together with building 211. However, it did qualify that "[a]t this time," it was "unable to decide whether the losses to the 211 building are covered," since critical coverage issues remained, including, but not exclusively, whether a covered peril caused it, and whether the insured failed to mitigate the damage. *Id.* Notably, building 211 was the building the insurer admitted was damaged. The court

relied on outstanding post-loss duty issues to deny the insured's motion for summary judgment, since it could not show coverage existed, as a matter of law, for the admittedly damaged building. *Id.* Although this procedural aspect of *Pernas* has no application here, it does not make it distinguishable on the legal question at issue in this case.

Lastly, the Honorable Magistrate reasons, in the alternative, that even if Empire is right, the Court has discretion to do otherwise. If Empire is right, there is no discretion to order appraisal, where substantive Florida law makes a "wholly denied" claim not subject to appraisal, since it would amount to a coverage dispute properly resolved only by the Court. And the Court's discretion to determine the order in which coverage and appraisal take place [DE 50 at 23] is not germane to whether appraisal is proper for some or all buildings listed in a policy, where coverage was denied to some buildings on the basis that they were undamaged. Regardless, it would be an abuse of discretion to apply an incorrect legal standard.

### D. Empire Is Entitled to Due Process In Being Judicially Compelled To Act

The Honorable Magistrate's conclusion that Empire is not entitled to minimal due process in the course of appraisal is also erroneous [DE 50 at 25]. It ignores the magnitude of the responsibility of an Article III Court in exercising any power, especially compelling a party to hire and pay an appraiser, pay half of an umpire's fee, and have the parameters of the recoverable amount in a multimillion dollar claim decided extra-judicially.

Empire's argument is straightforward. Ordinarily, "[a] valid procedural due process claim must contain two elements: (1) a deprivation of a protected interest; and (2) an absence of due process." *Henniger v. Pinellas County*, 7 F.Supp.2d 1334, 1337 (M.D. Fla. 1998). Empire is not bringing such a claim, but argues that any judicial enforcement of appraisal that does not afford certain minimal rights to the parties or guidelines for the appraisers *will* deprive Empire of due process. *Cf. Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[G]reat care must be taken to assure that the power of a court to require or deter action does not result in unwarranted harm to the defendant."). Empire has a constitutionally protected interest not to participate in proceedings that arbitrarily and without notice may determine any aspect—such as the amount—of a multimillion dollar claim for benefits. And judicial enforcement of appraisal forces Empire to perform on penalty of sanctions.

The only question is whether the appraisal proceedings will, as Empire contends, take place without sufficient notice to Empire of *what* information is considered, *when* the appraisers deliberate, *whom* they speak to, and *how* long they will take. If so, then judicial enforcement must be accompanied, if minimally, by judicial guarantees. That is because, "[e]mpowering an appraisal panel to determine causation," as Florida law does, "raises due process concerns." *See Walnut Creek Townhome Ass'n v. Depositors Ins. Co.*, 906 N.W.2d 205, 205 (Iowa Ct. App. July 19, 2017) (McDonald, J., dissenting). Now, because Empire understands Positano to oppose all of the minimal guidelines proposed by Empire, inevitably, Empire will partake of proceedings that lack transparency and will be next to impossible to

judicially review, should the appraisers act contrary to Florida law in discharging their duties.

Some federal courts have agreed with Empire's well-founded position and crafted minimal guidelines to ensure both subsequent reviewability and a better coverage adjudication. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129 F.Supp.3d 1150, 1155 (D. Col. 2015) (imposing guidelines to "protect the integrity of the process[,]" "increase the likelihood of a valid appraisal award," and "allow the appraisal process to proceed in an orderly and efficient manner that conserves the Court's resources and minimizes the need for further involvement of the Court") (citing *United States v. Carrigan*, 804 F.2d 599, 603 (10th Cir.1986)).[9] This is compatible with the policy and Florida law. And, even if it were not, it is still required by due process.[10]

The concerns of Empire are not abstract. For example, without an award breakdown, Empire will have no way to know whether matching is included, in

---

[9] *See also Villareal v. Owners Ins. Co.*, No. 16-cv-01862, 2016 WL 9735733, at *2 (D. Col. Dec. 1, 2016) (crafting appropriate guidelines for appraisal because "the briefings indicate that Court intervention is required and that it is necessary to impose guidelines governing the appraisal process"); *Am. Storage Centers v. Safeco Ins. Co. of Am.*, 651 F.Supp.2d 718, 720 (N.D. Ohio 2009) (reference to "lengthy Order" with "instructions for the conduct of the appraisal process"); *CIGNA Ins. Co. v. Didimoi Prop. Holdings, N.V.*, 110 F.Supp.2d 259, 275 (D. Del. 2000) (ordering and listing issues to be addressed by appraisers); *Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.,* 981 F.Supp. 581, 607 (N.D. Iowa 1997) (parties may seek determination if intractable disputes arose over issues properly within scope of appraisal).

[10] The Honorable Magistrate's sole argument against due process guidelines is that imposing them would somehow rewrite the parties' bargain in the Policy [DE 50 at 25]. The very point of due process is to restrict the government's interference with the parties' bargain, even while enforcing it. If Empire refuses to participate in appraisal because Positano will not agree to minimal guidelines, making it arbitrary, for the Court to force Empire to participate without due process will compound Empire's predicament. To argue against any due process because Empire should have written it into the Policy begs the question: it is the Court's involvement what triggers the need for such guidelines.

violation of Florida law, in any actual cash value calculation. *See Vasquez v. Citizens Property Ins. Corp.*, 304 So. 3d 1280 (Fla. 3d DCA 2020). It will not know whether the appraisers violated Florida law in not depreciating overhead and profit, or labor. It will not be able to determine whether the appraisers improperly included Ordinance or Law costs in actual cash value. There are policy provisions that limit the amount of Ordinance or Law payable—the least amount necessary to comply with such Ordinance or Law—and Empire would have no ability to confirm whether the appraisers considered such provisions. With no accountability and no rules in the appraisal process, Empire has no way to know of, or to challenge, any impropriety during the appraisal process. A right it has at common law in recognition of the due process interests involved. *Hanover Fire Ins. v. Lewis*, 10 So. 297, 303 (Fla. 1891) (explaining appraisal award binding only absent "irregularity, unfairness, or fraud").

### E. Appraisal Should Not Be Compelled Absent A Summary or Trial Adjudication that Empire Breached the Appraisal Provision

The Honorable Magistrate's conclusion that the Court need not adjudicate Empire's breach of the appraisal provision, whether at trial or through summary judgment, before awarding Positano relief in the form of compelling appraisal, is erroneous.

The only authorities relied on by the Honorable Magistrate to that effect are not persuasive. They, in fact, illustrate the reasonableness of Empire's position. For example, the Order cites *Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2021 WL 2003007, at *1 (M.D. Fla. May 19, 2021) [DE 53 at 19]. Yet, in *Creekside*,

another member of this Court concluded, without any analysis or elaboration, that a "motion for summary judgment is not the proper vehicle to address appraisal," *id.* at *1, only after it reconsidered, *sua sponte*, an earlier ruling wherein it agreed with Empire that "the . . . motion to compel appraisal and stay proceedings . . . [was] [the] equivalent to a summary judgment motion." *Creekside Crossing Condo. Ass'n, Inc.*, 2020 WL 5973177, at *4 (citing *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019)).

Importantly, in that earlier *Creekside* ruling, the Court relied on *Waterford* to agree with Empire. In *Waterford*, although this Court disagreed with Empire's argument, it acknowledged that, at least in circumstances where "[o]ne of the counts . . . [is] a demand for appraisal," courts have "treated a motion to compel appraisal as a request for summary judgment on that claim." 2019 WL 3852731, at *2 (citing *Indian Harbor Ins. Co. v. Int'l Studio Apartments, Inc.*, No. 09-CIV-60671, 2009 WL 10668574 (S.D. Fla. Sept. 22, 2009)). Well, here, Positano's Complaint contains a separate count for specific performance of appraisal proceedings [DE 40 at §§ 25-44]. The rationale of *Indian Harbor* controls, not that of *CMR Constr. & Roofing, LLC*, the only other case relied on by the Honorable Magistrate [DE 53 at 19 (citing *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 2019 WL 2281678, at *3 (M.D. Fla. 29, 2019))].

This underscores Empire's arguments above with regard to specific performance: it is procedurally improper to allow a party to plead a relief expressly under a higher standard of proof only to award it the same relief under a procedural

23

vehicle with a much lower burden of proof. It is also illogical to award a remedy for a wrong not yet actually adjudicated, whether summarily or by a fact finder. Every afforded remedy presupposes an established wrong.[11]

In looking to other federal circuits for guidance, Empire has found that courts agree with its position. *See McCoy v. American Family Mutual Ins. Co.*, 189 F.Supp.3d 896, 900 (D. Minn. 2016) (explaining that motion to compel appraisal "seek[s] partial summary judgment on . . . claim that [insurer] has breached the Policy by refusing to participate in the appraisal process").[12] Yet, none of these authorities were addressed by the Honorable Magistrate.

## III. Conclusion

Empire respectfully submits that the Honorable Magistrate erred in making several factual and legal conclusions. Compelling appraisal constitutes a remedy this Court can only award through its power to craft equitable and injunctive remedies such as specific performance. Any such intervention by the Court triggers due process protections to which both Empire and Positano are entitled. And such relief presupposes a summary or trial adjudication that Empire has, in fact, breached the appraisal provision. Regardless, appraisal is not proper as to all buildings in this case,

---

[11] Relatedly, Empire also objects to the stay as unnecessary, if appraisal does not take place, and as improper, should appraisal take place, given Empire's right to conduct discovery about its defenses.

[12] *See also Morrison v. Harleysville Worcester Ins. Co.*, No. 3:19-CV-00011-JRG-DCP (E.D. Tenn. Oct. 7, 2019) (court "declin[ing] to exercise its power [to grant a motion to compel appraisal] without a motion for summary judgment or an adjudication on the merits"); *Mapleton Processing, Inc.*, 2013 WL 3467190, at *24 (same); *Battles, Inc.*, 2020 WL 6365513, at *5 (same).

including buildings suffering no damage whatsoever, and a stay is improper under the circumstances.

BUTLER WEIHMULLER KATZ CRAIG LLP

*s/Christian Lee Gonzalez-Rivera*

J. PABLO CACERES, ESQ.
Florida Bar No.:  131229
pcaceres@butler.legal
RYAN K. HILTON, ESQ.
Florida Bar No.:  0304610
rhilton@butler.legal
CHRISTIAN L. GONZALEZ-RIVERA, ESQ.
Florida Bar No.:  1004136
cgonzalez-rivera@butler.legal
Secondary     mratliff@butler.legal
                    cmattern@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant, Empire Indemnity Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on February 9, 2022, on all counsel or parties of record on the Service List below:

Justin B. Mazzara, Esq.
Pavese Law Firm
P.O. Box 1507
Fort Myers, FL 33902-1507
Email: justinmazzara@paveselaw.com
*Counsel for Plaintiff*

*s/ Christian Lee Gonzalez-Rivera*

CHRISTIAN L. GONZALEZ-RIVERA
